UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CR-00003(01) RM |
| ) | |
| MICHAEL WAYNE JENSEN ) | |

OPINION AND ORDER

The government moved to detain Michael Jensen pending trial pursuant to 18 U.S.C. § 3142. The court heard proffers, evidence, and argument on the government's motion on December 15, 2006, and evaluated the statutory factors as follows. This opinion comprises the court's findings of fact and statement of reasons pursuant to 18 U.S.C. § 3142(i)(1).

Mr. Jensen is charged with possession of a firearm as a felon. The offense was non-violent, but involved a shotgun. Because of Mr. Jensen's prior criminal record, the statutory minimum sentence is fifteen years (the maximum is life imprisonment), so the government benefits from a statutory presumption that no combination of conditions of release will reasonably assure Mr. Jensen's appearance as needed or the safety of the community. That presumption remains in the case to be weighed evidence if Mr. Jensen presents evidence to the contrary. The strength of the case is less than it was thought to be when Mr. Jensen originally pleaded guilty, but the case is not weak: a shotgun was found in the house Mr. Jensen was renting.

Mr. Jensen has an eighth grade education. His physical and mental health

are good. His wife and children — with whom his relationship is sufficiently good that they attended his detention hearing — reside in Chicago, Illinois. Mr. Jensen has been unemployed for fourteen years. He has no financial resources. At the time of his original court appearance in this case, he had moved back to LaPorte County about three years earlier. He does not want to return to LaPorte County, but rather wants to live in transitional housing in South Bend. Mr. Jensen's only apparent prior contacts with South Bend have been during his stays in the county jail.

Mr. Jensen's past known conduct consists largely of residential burglaries and drug use. He has a record of very serious drug abuse, with daily use of marijuana, cocaine, barbiturates, and prescription drugs. Mr. Jensen, who is 36 and has been in custody on this charge for thirty-five months, has ten prior felony convictions. A bench warrant was issued when he missed a court appearance in 2003; Mr. Jensen explained his absence, but for today's purposes, the court is more interested in whether he will appear in court than whether he will have good reason for non-appearance. Mr. Jensen was not on pretrial release or supervision at the time of the charged offense.

The strongest argument for release is Mr. Jensen's testimony is that the drug counseling he received in the Bureau of Prisons and the spiritual counseling he has received at the county jail have shown him the error of his ways. He says he will not again use drugs and that he will comport himself with the law. He seeks release with conditions of daily drug urinalyses and residence in community transitional housing maintained by God Cares Ministries.

Daily urinalysis is not really feasible. The court is unaware of any connection the probation department has to God Care Ministries that would allow supervision by the probation officer. More significantly, while the court cannot look into Mr. Jensen's heart — and Mr. Jensen's testimony leaves the court hopeful and guardedly optimistic that he may have turned a corner in his life — the court lacks confidence that the benefits of his four-to-five months in the county jail have overcome the fifteen-year record of criminal activity that preceded his arrest.

Given Mr. Jensen's remarkably steady history of residential burglaries and drug use, and recognizing that residential burglaries are deemed crimes of violence regardless of the care the burglar uses to be sure no one is home, Mr. Jensen poses a high risk to the safety of others. The court finds that the government has proven, by clear and convincing evidence, that pretrial detention is appropriate on both prongs of the detention statute. No combination of conditions of release will reasonably assure Mr. Jensen's appearance as needed or the safety of the community.

The court GRANTS the government's motion for pretrial detention. Michael Jensen is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Mr. Jensen is confined shall deliver

Mr. Jensen to a United States Marshal for the purpose of appearance in connection with a court proceeding.

SO ORDERED.

ENTERED:   December 15, 2006

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   M. Jensen
      D. Weisman
      L. Lowery
      USM
      USPO